# In the Iowa Supreme Court

No. 24–0879

Submitted April 16, 2025—Filed May 16, 2025

**In the Matter of Property Seized for Forfeiture from Shelby Cason.**

**Bitcoin Depot Operating, LLC,**

Appellee.

---

**In the Matter of Property Seized for Forfeiture from Bitcoin Depot Operating, LLC.**

**Bitcoin Depot Operating, LLC,**

Appellant.

---

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, judge.

A contracting party seeking return of funds seized by law enforcement appeals a district court order directing that the funds be returned to the other contracting party. **Reversed and Case Remanded with Instructions.**

Per curiam.

Matthew A. McGuire, Kevin Collins, and Roy Leaf of Nyemaster Goode, P.C., Des Moines, for appellant.

Konnor Hodges and Christopher Stewart of Boles Witosky Stewart Law PLLC, Des Moines, for appellee.

**Per Curiam.**

This appeal is nearly identical to the one we decided in *Bitcoin Depot Operating, LLC v. Carlson*, ___ N.W.3d ___ (Iowa 2025): Whether the contract formed between Bitcoin Depot and a customer using its Bitcoin ATM is voidable due to third-party duress under the Restatement (Second) of Contracts section 175(2). The circumstances underlying this case are indistinguishable from those in *Carlson.* Cason and Carlson both withdrew cash from their personal bank accounts, deposited that cash into different Bitcoin ATMs in Linn County, and directed that a corresponding amount of Bitcoins be sent to a private Bitcoin wallet. Subsequently, Cason and Carlson reported to law enforcement that they were the victims of fraud by an unknown third party. To support their right to return of the seized funds from the Linn County Sheriff's Office, both assert that their contract with Bitcoin Depot is voidable based on third-party duress. In *Carlson,* we held that the generalized warning that Bitcoin Depot uses for its ATM transactions did not give it reason to know of Carlson's particular duress. *Id.* at ____. Cason relies on the same limited evidence, and *Carlson* controls the outcome of this case.

On July 28, 2023, Shelby Cason withdrew $15,000.00 from his checking account with Community Savings Bank. That same day, he deposited $14,800.00 into a Bitcoin ATM kiosk, located inside Hawks Smoke Shop in Marion.[1] Simultaneously with Cason's deposit of the $14,800.00 cash into the ATM, Bitcoin Depot transferred a corresponding amount of Bitcoins (0.38817342 Bitcoins) to the private Bitcoin wallet identified by Cason. When a customer deposits cash into a Bitcoin ATM in exchange for Bitcoins, he must answer a

---

[1]Cason did not deposit the entire $15,000.00 that he withdrew from his checking account because he reached the daily transaction limit.

prompt that asks if the Bitcoin is going to his own digital wallet or someone else's wallet. If the customer selects that the Bitcoin is going to a wallet not owned by the customer, the following warning appears:



Thus, to complete his transaction, Cason would have had to represent to Bitcoin Depot that he owned the private Bitcoin wallet to which he directed Bitcoin Depot to transfer Bitcoins.

Later that day, Cason made a report with the Linn County Sheriff's Office that he had been defrauded. Specifically, Cason alleged:

> [H]e had called a number that came up on his computer, . . . this person advised [him that] he needed to withdraw $15,000.00 from his bank and needed to deposit the money in a Bitcoin machine in Marion at Hawks Smoke Shop . . . . This person threatened Shelby by saying he had child pornography on his computer and threatened to turn Shelby into the FBI if he did not do this. Shelby did what they asked and went to the Hawks Smoke Shop and deposited $14,800.00 cash, all one-hundred-dollar bills, into the Bitcoin machine. Shelby provided the receipt for this transaction. The

person on the phone with Shelby, advised everything went through. Shelby later realized that he had been scammed when he talked with his neighbor.

Based on Cason's report, the Linn County Sheriff's Office obtained and executed a search warrant at the Bitcoin ATM on July 31. The Bitcoin ATM had not been emptied since Cason's transaction. So the Linn County Sheriff's Office was able to identify and seize the bills that Cason had deposited three days prior for its fraud investigation.

On January 24, 2024, Cason filed an application for return of seized property, seeking the $14,800.00 cash seized from the Bitcoin ATM. On February 9, Bitcoin Depot filed a competing claim for return of the $14,800.00 seized funds. On February 14, the district court held a hearing on the competing return-of-seized-property claims. On April 26, the district court ordered the Linn County Sheriff's Office to return the $14,800.00 seized funds to Cason. Bitcoin Depot appealed that decision, and we retained the appeal.

The Restatement (Second) of Contracts section 175 provides:

If a party's manifestation of assent is induced by one who is not a party to the transaction, the contract is voidable by the victim unless the other party to the transaction in good faith and without reason to know of the duress either gives value or relies materially on the transaction.

Restatement (Second) of Contracts § 175(2) (Am. L. Inst. 1981). The comments to section 175 emphasize that the voidability rule has "an important exception if the other party has, in good faith and without reason to know of the duress, given value or changed his position materially in reliance on the transaction." *Id.* § 175 cmt. *e.* In *Carlson,* we held that the contract formed between Bitcoin Depot and Carlson was not voidable due to third-party duress because "there [was] no evidence in the record . . . that Bitcoin Depot had reason to know that a scammer . . . had contacted Carlson and told her that she needed to purchase

Bitcoins from the Bitcoin ATM and transfer them into a specified wallet to avoid her accounts from being impacted." ___ N.W.3d ___. In so holding, we explained that a generalized warning provided to all customers was, alone, "insufficient to established that Bitcoin Depot had 'reason to know' of Carlson's particular duress." *Id.* at ___. Cason relies on the same warning, with no additional evidence, to establish Bitcoin Depot's awareness that his deposit of cash into the ATM was done under duress.

Applying *Carlson*, we reverse the district court and remand the case with instructions to return the seized funds to Bitcoin Depot.

**Reversed and Case Remanded with Instructions.**

This opinion shall not be published.